UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 11818 RWZ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Alexander MJ |
| | ) | |
| v. | ) | Court No. |
| | ) | |
| | ) | |
| TERRENCE J. JOYCE, | ) | |
| | ) | |
| *Defendant.* | ) | |

RECEIPT #_____
AMOUNT $ N/A_____
SUMMONS ISSUED 4_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. tom_____
DATE 9/7/05_____

**COMPLAINT**

The United States of America, by its attorneys, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States

Attorney, states as its complaint that:

1.      Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2.      The defendant, Terrence J. Joyce (hereinafter "Joyce"), resides in the District of

Massachusetts at 30 Fort Meadow Drive, Hudson, MA 01749.

3.      Joyce is indebted to the United States in the principal amount of $29,877.83 plus

interest computed at the rate of 6.0 percent per annum for a total amount of $29,897.48 as of

September 2, 2005. Thereafter, interest on the principal amount will accrue at the rate of 6

percent per annum until the date of judgment. See Exhibit "A" attached hereto and incorporated

herein.

4.      Joyce has failed to repay the aforesaid sum although demand has been duly made.

WHEREFORE, the United States demands judgment against Joyce in the principal

amount of $29,877.83;  plus interest in the amount of $19.65; plus interest on this principal at an

annual rate of 6 percent per annum until the date of judgment.  The United States further

demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until

paid in full.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:    *Christopher R. Donato*

CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3303

Dated:  September 2, 2005



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Program Support Center



**EXHIBIT**

**A**

Rockville MD 20857

AUG 1 8 2005

## CERTIFICATE OF INDEBTEDNESS

Terrence J. Joyce
30 Fort Meadow Dr
Hudson, MA 01749
Ref: 50154251

**Total debt due to the United States of America as of July 21, 2005: $29,897.48 (principal $29,877.83, interest $19.65, administrative costs $0.00).**

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $29,877.83 from July 21, 2005, at the rate of 6.00%. Interest accrues on the principal amount of this debt at the rate of $4.91 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at Dartmouth Medical College, you applied for and were granted Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p). You consolidated your HEAL loans into one Federal HEAL Relief Consolidation loan in the amount of $26,259.58. You signed a promissory note on December 15, 2001, agreeing to repay the loan at a variable rate of interest.

Upon your leaving Dartmouth Medical College, you were furnished a repayment schedule by the Pennsylvania Higher Education Assistance Agency (PHEAA) on January 18, 2002, with notification that payments were to begin March 3, 2002. You did not make any payments.

On June 26, 2002, the PHEAA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

On November 6, 2003, in the United States Bankruptcy Court, District of Massachusetts, you filed a petition for relief under Title 11 U.S.C. Chapter 7 (Case No. 03-46417-JBR). The bankruptcy was discharged on May 20, 2004. An Adversary Proceeding (Case No. 03-04560) was filed on December 16, 2003. The case was dismissed on June 21, 2004, and your HEAL debt remained undischargeable.

Due to your bankruptcy, the PHEAA filed an insurance claim on January 16, 2004, with the Department of Health and Human Services (HHS). The claim in the amount of $28,135.00 was paid on January 23, 2004, and an assignment of the note was received.

The HHS notified you by letter dated January 29, 2004, that the previous holder of your promissory note submitted an insurance claim and assigned your note to the U.S. Government.

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - TERRENCE J. JOYCE

In a letter dated June 28, 2004, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

By letter dated October 1, 2004, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into a RA. You did not comply.

In a letter dated November 29, 2004, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On April 11, 2005, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

The following provides a breakdown of credit and payment applied to your account:

| | | |
|---|---|---|
| 1 Lender Refund | 02/26/04 | $ 4.94 |
| 1 Treasury Offset Payment | 04/22/05 | $236.00 |
| Total Amount Applied | | $240.94 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Massachusetts, One Courthouse Way, U.S. Courthouse, Suite 9200, Boston, MA 02210.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

AUG 18 2005
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   United States v. Terrence Joyce

2.   CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
      SHEET.  (SEE LOCAL RULE 40.1(A)91)).

      ___ I.     160, 410, 470, r.23, REGARDLESS OF NATURE OF SUIT

      ___ II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950

      ___ III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891

      ___ IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650,
                 660, 690, 810, 861-865, 870, 871, 875, 900

      X V.       150, 152, 153

3.   TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

4.   HAS PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                                      YES          NO

      05 - 11818 RWZ

5.   DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
      INTEREST?  (SEE 28 USC § 2403)

                                                            YES          NO

      IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                            YES          NO

6.   IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
      TITLE 28 USC § 2284?

                                                            YES          NO

7.   DO ALL OF THE PARTIES IN THIS ACTION, EXLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH
      OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION -
      (SEE LOCAL RULE 40.1(D)).

                                                            YES          NO

      A.    IF YES, IN WHICH DIVISION DO ALL FO THE NON-GOVERNMENTAL PARTIES RESIDE?

            EASTERN DIVISION            CENTRAL DIVISION         WESTERN DIVISION

      A.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING   GOVERNMENTAL
            AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

            EASTERN DIVISION            CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME     Christopher R. Donato,   Assistant United States Attorney

ADDRESS             U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210

TELPHONE NO.        617-748-3303

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
TERRENCE J. JOYCE

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____ Middlesex 25017
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Christopher R. Donato, AUSA
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X " in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | |
| | | ☐ 555 Prison Condition | |

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1345  Default of government guaranteed student loan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 29,897.48

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 9/2/05  SIGNATURE OF ATTORNEY OF RECORD  Christopher R. Donato

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.