UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | Case No. 05-CV-11818-RWZ |
| ) | USAO No. 2005Z00350/001 |
| TERRENCE J. JOYCE, ) | |
| ) | |
| DEFENDANT, ) | |

DEFENDANT'S SCHEDULING STATEMENT[1]

I. SCHEDULING ORDER

In accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1, the defendant in the above-captioned matter hereby proposes the following scheduling order:

1. All factual discovery, including depositions of fact witnesses, shall be completed by February 1, 2006.

2. All discovery motions under Fed. R. Civ. P. 37 pertaining to factual discovery shall be filed on or before March 28, 2006.

---

[1] The defendant did not hear from the plaintiff until late on December 7, 2005 (letter mailed to defendant on Dec. 6, 2005). Accordingly, the plaintiff is in violation of his obligation to confer (14) days before the scheduling conference as well as to offer a settlement proposal (10) days prior to the scheduling conference. In

1

addition, the plaintiff has still not addressed whether or not a settlement proposal regarding this litigation is possible.

Despite a letter mailed to the plaintiff requesting correspondence only by U.S. mail (which was previously filed with the court) and frequent requests not to call the defendant's parents home phone number, the plaintiff has continued to harass the defendant family at their domicile. After receiving written confirmation of additional phone attempts from the plaintiff late on December 7, 2006, the defendant contacted the Mass. Bar of overseers and professional conduct and ethics regarding this matter. Although at this time the defendant does not see it necessary to file a formal complaint against Mr. Donato or the Massachusetts U.S. Attorney's Office, continued attempts to harass his parent at their home phone number in an attempt to contact Mr. Joyce or additional unprofessional conduct as this litigation proceeds may result in a formal inquiry.

3. All dispositive motions shall be filed on or before April 31, 2006.

4. Expert discovery: The defendant does not anticipate calling any expert witnesses at this time.

II. <u>TRIAL BEFORE A MAGISTRATE JUDGE</u>

The defendant has already requested a trial by jury and is <u>not</u> agreeable to a trial before a Magistrate Judge. Given that the defendant is unrepresented by council and at a significant legal disadvantage, a trial by jury is required in order to obtain the most equitable outcome and because of the potential public interest in this case.

The defendant's position is further supported by the fact that he was recently denied the opportunity for a hearing before the District Court regarding his Motion to Strike and Dismiss the case and has not yet obtained an official order explaining why such a motion was denied (although he did receive a notice of electronic filing).

2

III. CERTIFICATIONS

The defendant has not yet to date conferred with the plaintiff regarding a budget or whether he is amenable to alternative dispute resolution and negotiation in accordance with Local Rule 16.4. The defendant is amenable to such alternative dispute resolution proceedings. In order to reduce costs and simplify the case, the defendant is willing to waive discovery in these proceedings (except for the plaintiff's production of the original promissory note). He reserves the right to discovery, however, should the plaintiff seek additional discovery.

Respectfully Submitted,

Terrence J. Joyce

Terrence J. Joyce

Dated:   December 8, 2005

CERTIFICATE OF SERVICE

I, Terrence J. Joyce, hereby certify that a copy of the foregoing document has been served, pro se, via certified United States mail, postage prepaid on the 8th day of December, 2005 upon the following parties:

United States of America
1 Courthouse Way, Suite 9200
Boston, Mass. 02210