2-11-06

Christopher Donato
John Joseph Moakley Couthouse
1 Courthouse Way
Suite 9200
Boston, MA. 02210

      Re:  United States v. Terrence J. Joyce
           Court No. 05-CV-11818-RWZ
           USAO NO. 2005Z00350/001

Dear Mr. Donato,

    This letter is in response to your letter dated February 9, 2006. Previously we agreed, following the hearing before the court on December 15, 2005, that if I provided you with detailed financial information that you would make a recommendation to the Department of Health and Human Services about reducing the total alleged student loan debt owed to the United States. In addition, you also suggested that if I were to make a "lump sum" payment of some kind that the total amount of financial debt owed could be reduced.

    I have provided you with all of the information that you requested in a timely manner and upheld my end of the agreement. To date, I have provided you with my tax returns for 2003 and 2004, as well as W-2 forms from the U.S. Postal Service for 2005. In addition, I have also provided you with detailed financial information which is very similar if not identical to that which was provided to the U.S. Bankruptcy Court. The Bankruptcy Court determined that my expenses are "minimal" and very reasonable.

1

Furthermore, I have also indicated to you previously that the Bankruptcy Court has found that my past and present situation is one of "Undue hardship" and "Struggling" to meet my financial obligations. My situation has not changed since the court made its original determination as I have not yet found full-time employment. As a result, I have not been able to make payments to any major creditors since this determination was made.

Finally, I believe that your office is still in violation of Fed. R. Civ. P. 16(b) and Local Rule 16.1 (B) and (C) in that you still have not provided me or the court with reasonable settlement proposals or discussed other possible alternative dispute resolution programs. In addition, you still have not yet provided me with potential options if I were to make a "lump sum" payment. Based on the financial information I have provided, it would appear that you should be able to make a reasonable settlement proposal. I look forward to hearing from you regarding resolving this matter.

Sincerely,

Terrence J. Joyce