UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.  05-11818-RWZ |
| | ) | |
| TERRENCE J. JOYCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

The United States of America hereby opposes the defendant's
motion to dismiss.  As reasons therefore, the plaintiff states
the following:

1.  On September 2, 2005, the United States filed this action
    for money judgment against the defendant for his outstanding
    HEAL debt.

2.  On November 18, 2005, this Court issued a notice of
    scheduling conference.

3.  Pursuant to the requirements set forth in the notice of
    scheduling conference, on December 6, 2005, the United
    States submitted a "Joint Submission" without the input of
    the *pro se* defendant as the United states was unable to
    contact the defendant.

4.  On December 15, 2005, the Court conducted a scheduling
    conference with the parties.  At the conference, the
    defendant admitted that he had the outstanding student loan

debt which acquired while attending Dartmouth Medical
School, however, the defendant claimed that he did not have
the means to pay the debt.  In response, the United States
asked the defendant to provide a financial statement with
accompanying documentation to support the defendant's
financial claims.  It was the intention of the United States
to use the defendant's financial statement and supporting
documentation to propose a potential settlement between the
Department of Health and Human Services, the federal agency
responsible for the student loan funds, and the defendant.
Based on these discussions, the Court issued an order for
the parties to submit a status report to the Court by
February 15, 2006, apparently in the hope that the parties
could resolve the matter short of further litigation.

5.    The plaintiff sent a letter to Mr. Joyce on 2/9/06 stating
that it had tried to contact him numerous times in order to
settle the case.  The plaintiff further stated that a
compromise would not be possible until until he provided a
financial package.  The defendant then filed a response
letter dated February 11, 2006, stating that he had provided
us with all of the information that we had requested.

6.    On February 15, 2006, the United States submitted a status
report which stated that the defendant had submitted some
financial information but there were still a few things that

were needed.   The United States requested that the Court

direct the parties to submit another status report by April

17, 2006, in the hope that the remaining documentation would

be submitted and the parties would workout an agreement.

The United States submitted this status report without the

input of the defendant as the United States was unable to

contact the defendant.

7.    From February 27, 2006 through April 3, 2006, the plaintiff

then sent the defendant several more letters informing him

that he needed to fill out a financial statement package and

provide additional financial documents.   In addition, the

plaintiff tried contacting the defendant approximately seven

times between March 2, 2006 through April 3, 2006, at the

number he provided.  Each time, a detailed message was left

requesting that the defendant contact the plaintiff to

discuss the documents that were still missing from his

financial review.  The defendant did not respond.

8.    On April 17, 2006, the United States submitted a status

report which noted the defendant's failure to provide the

requested documentation and participate in a dialogue to

reach a mutually acceptable payment agreement.   In addition,

the United States asked the Court to establish a discovery

schedule.

9.    As of today's date, the financial material is still

outstanding.  The following is a list of the information

that is still outstanding:

a.   completed Financial Questionnaire;

b.   information regarding his current employment status
     and, if he is employed, a recent copy of his pay stub;

c.   2005 Tax Returns;

d.   whether he is still a part-time law student and, if so,
     how is he financing his education;

e.   recent copies of his billing statements for all the
     expenses listed within the Financial Questionnaire; and

f.   the last three months of bank statements for the Bank
     of America checking account he claims he has in a
     letter dated January 26, 2005.

10.  The defendant has not certified that he contacted the

plaintiff regarding his motion to dismiss and has attempted

to narrow the issues as required by Local Rule 7.1.  In

fact, the defendant has not contacted the plaintiff

regarding his motion.

For all of the aforementioned, the United States respectfully requests that this Court deny the defendant's motion to dismiss.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

Dated: January 10, 2007   By:   /S/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3303

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above-document was served by first class mail, postage prepaid, upon the *pro se* defendant at the following addresses:

Terrence J. Joyce
30 Fort Meadow Drive
Hudson, MA 01749

Dated: January 10, 2007        /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney

5