UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
Plaintiff,
v.
TERRENCE J. JOYCE,
Defendant.

Court No. 05-11818-RWZ

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, the United States of America respectfully requests that this Court grant summary judgment in its favor in the above-captioned matter pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**STATEMENT OF MATERIAL FACTS OF RECORD**

As a student at Dartmouth Medical College, the defendant applied for and was granted Health Education and Assistance Loans (HEAL). See the Certificate of Indebtedness attached to the Complaint as Exhibit A. The defendant consolidated his HEAL loans into one Federal HEAL Relief Consolidation loan in the amount of $26,259.58.[1] Id. On December 15, 2001, the defendant signed a promissory note agreeing to pay the note at a variable

[1] A copy of the defendant's loan application is attached as Exhibit 1 (personal information is redacted).

rate of interest.[2] According to the terms of the note, the defendant was to begin payments on March 3, 2002. Id. No payments were made. Id.

On November 6, 2003, the debtor filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Massachusetts under Chapter 7 (Case No. 03-46417). On December 16, 2003, the debtor filed an adversary proceeding seeking to discharge his outstanding HEAL loan debt (Case No. 03-04560). On June 21, 2004, the Bankruptcy Court allowed the United States' motion to dismiss the defendant's adversary proceeding, thus, the defendant's HEAL loan debt remains in effect.[3]

By letter dated January 29, 2004, United States Department of Health and Human Services (HHS) notified the debtor that the promissory note for his HEAL loan was assigned to the United States Government. Id.

As of August 18, 2005, the defendant owes HHS $29,877.83 for his consolidated HEAL loan. Id. Interest is currently accruing at the variable rate of 6.00% and at a rate of $4.91 per day. Id.

On September 2, 2005, the United States filed this action

---

[2] A copy of the defendant's promissory note is attached as Exhibit 2 (personal information is redacted).

[3] The Bankruptcy Court's decision can be found at Docket Entry 61 for Adversary Proceeding No. 03-04560.

for money judgment against the defendant for his outstanding HEAL debt.

**ARGUMENT**

As stated above, the defendant consolidated his HEAL loans into one Federal HEAL Relief Consolidation loan in the amount of $26,259.58. On December 15, 2001, the defendant signed a promissory note agreeing to pay the note at a variable rate of interest. According to the terms of the note, the defendant was to begin payments on March 3, 2002. No voluntary payments have been made. The defendant has an outstanding HEAL loan debt of $29,877.83, plus interest, as of August 18, 2005. The United States has made a demand for payment. The defendant still has not made any voluntary payments.

There is no genuine issue as to any material fact as the exhibits submitted by the plaintiff in support of this motion are the same documents submitted by the defendant in support of his position in his adversary proceeding before the Bankruptcy Court.[4]

Accordingly, the United States is entitled to judgment against the defendant as a matter of law in the terms set forth

[4] In reply to the motion of the United States to dismiss the adversary proceeding in the Bankruptcy Court, the defendant/ debtor filed an opposition to the motion which included copies of the defendant's application for the HEAL consolidation loan and promissory note, plus accompanying documents. The defendant's opposition to the United States' motion to dismiss can be found at Docket Entry 32 for Adversary Proceeding No. 03-04560.

in the HEAL promissory note signed by the defendant.

**CONCLUSION**

For all of the aforementioned reasons, the United States respectfully requests that this Court issue summary judgment in its favor.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

Dated: January 10, 2007 By: /S/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above-document was served by first class mail, postage prepaid, upon the *pro se* defendant at the following addresses:

Terrence J. Joyce
30 Fort Meadow Drive
Hudson, MA 01749

Dated: January 10, 2007 /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney

# Exhibit 1

0275




01 OCT 30 PM 1:36

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH AND RESOURCES SERVICES ADMINISTRATION
BUREAU OF HEALTH PROFESSIONS

# FEDERAL HEAL REFINANCING LOAN APPLICATION AND/OR PROMISSORY NOTE

**WARNING:** Any person who knowingly makes a false statement or misrepresentation in a HEAL transaction, bribes or attempts to bribe a Federal official, fraudulently obtains a HEAL loan or commits any other illegal action in connection with a Federal HEAL loan is subject to a fine or imprisonment under Federal statute.

## SECTION I—TO BE COMPLETED BY APPLICANT

1a. NAME (Last) JOYCE (First) TERRENCE (M.I.) J

2. SOCIAL SECURITY ACCOUNT NUMBER (SSN) [redacted]

1b. OTHER NAME USED (Last) (First) (M.I.)

3. DATE OF BIRTH (Month/Day/Year) [redacted]

4. CURRENT ADDRESS (Number) (Street) [redacted] (Apartment number)

(City) HUDSON (State) MA (Zip Code) 01749

5a. DAYTIME TELEPHONE (Area Code - Number) ( )

5b. EVENING TELEPHONE (Area Code - Number) ( ) 978-562-9879

6a. (circle one) Graduated Y N Withdrew Y N

6b. GRADUATION/WITHDRAWAL DATE (Month/Day/Year) 08/01/2000

7. DRIVER'S LICENSE NUMBER [redacted] (State) MA

8. EMPLOYER INFORMATION

Name of Company/Organization:

Street Address:

City, State, ZIP Code:

Telephone (Area Code - Number): ( )

9. REFERENCES: You must provide two separate references with different U.S. addresses. The first reference must be nearest relative other than spouse or spouse's parents not living in the same household, and the second reference must be the spouse, or if not married, a living relative, or if neither, a life-long friend.

| | a. | b. |
|---|---|---|
| Name | MARGRET WILSON | TIMOTHY JOYCE |
| Permanent Address | [redacted] | [redacted] |
| City, State, ZIP code | WATERTOWN CT 06759 | PALO ALTO CA 94301 |
| Telephone: (Area Code - Number) | ( ) 860-274-3963 | ( ) 408-245-1703 |

## SECTION II—TO BE COMPLETED BY APPLICANT

**BORROWER AUTHORIZATION:**

I hereby authorize my current Federal HEAL lenders/holders to release Federal HEAL Loan information requested by the Refinancing Lender or its agent, for purposes of verifying student loan information in order that I may consolidate my Federal HEAL loans into a Federal HEAL Refinancing loan. I also authorize the Refinancing Lender, its Agent, ~~or any subsequent holder~~ to check my credit history ~~and to discuss my credit history with my lenders and to share any information concerning my Federal HEAL loans that my Refinancing Lender requests in connection with such loan consolidation~~. TJ A copy of this authorization may be deemed to be an original.

By my signature below, I also certify that I have (1) graduated or withdrawn from an eligible Federal HEAL school and (2) no refinanced loan application is pending with another lender.

SIGNATURE OF APPLICANT FOR SECTIONS I AND II. [signature]

DATE 10-23-01

HRSA-550 (12/98)

# BORROWER AUTHORIZATION

01 OCT 30 PM 1:36

## PERMISSION TO VERIFY LOAN BALANCES

To Whom It May Concern: I hereby authorize you to release to Brazos Higher Education Service Corporation, the Lender, and the Pennsylvania Higher Education Assistance Agency (PHEAA), Agent for the Lender, for purposes of verifying loan information in order that I may refinance my Federal HEAL loans into a Federal HEAL Refinance Loan, any information concerning my Federal HEAL loans that the Lender requests in connection with such loan refinancing. This information is for use of the Lender in refinancing my Federal HEAL loans. I also authorize the Lender, its Agent, ~~or any subsequent holder~~ to check my credit history ~~and to discuss my credit history with my lenders~~ and ~~to share any information concerning my Federal HEAL loans that my Lender requests in connection with such loan refinancing~~. A copy of this authorization may be deemed to be an original.
(T.J.)

By my signature below, I also certify that I have: (1) graduated from an eligible Federal HEAL school; and (2) no HEAL refinancing loan application is pending with another lender.

Your prompt reply and cooperation will help to expedite my HEAL loan refinancing. Thank you.

[signature] — Applicant Signature

10-23-01 — Date

[redacted]-7667 — Social Security Number

TERRENCE JOYCE — Print Name

978-562-9879 — Telephone Number

## THIRD PARTY DISCLOSURE

Federal laws and regulations require your written consent to disclose information regarding your Federal HEAL loans and their refinancing to anyone other than you. If you wish to have information regarding the refinancing of your Federal HEAL loans discussed with a third party, please provide the requested information and sign the Authorization of Disclosure Statement below.

Name of Third Party

Third Party Telephone Number

Relationship of Third Party to You

## AUTHORIZATION TO DISCLOSE REFINACING INFORMATION WITH DESIGNATED PARTY

I hereby authorize the Lender (Brazos Higher Education Service Corporation), its Agent (PHEAA), and ~~subsequent lender~~ (T.J.) or holder to disclose written or verbal information regarding the refinancing of my Federal HEAL loans to the party designated on this certification.

[signature] — Applicant Signature

10-23-01 — Date

# Exhibit 2

LO-CENPN 04/99

FEDERAL HEAL CONSOLIDATION LOAN APPLICATION PROMISSORY NOTE
U.S. Bank, National Association (Trustee for Brazos Student Finance Corporation)

...an Education Services
P.O. Box 8176 Harrisburg, PA 17105-8176 – Telephone 1-800-722-8189

File Number: 200205230275

**PROMISSORY NOTE: TO BE COMPLETED BY REFINANCING LENDER**

This Promissory Note represents a consolidation of all of my Federal HEAL loans, as identified below. The word "Note" refers to this Promissory Note. In this Note, the words "I", "me" or "my" refer to the Borrower whose signature appears on the last page of this Note. The word "Lender" refers to the Refinancing Lender or any subsequent holder to whom this Note is assigned. "Loan" refers to the Federal HEAL Refinancing Loan which the Lender is making to me.

## PROMISE TO PAY

I, TERRENCE J. JOYCE (Name of borrower), the borrower, promise to pay to US Bank, N.A. P.O. Box 8176 Harrisburg PA 17105-8176 1-800-722-8189 (Name, City, and State of Refinancing Lender), the Refinancing lender or the subsequent holder of this Note, such Principal Amount as is advanced on my behalf, plus interest on the principal sum as set out below, and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due. ***I understand that the amount of my loan will be based on the pay-off balances of loans Refinanced as provided by the creditors of such loans and may exceed the estimate of such pay-off balances.***

***LOAN INFORMATION:*** This Note represents a consolidation of all HEAL loans, as identified below:

| Holder / Lender (Name & Address) | Servicer | Original Principal Amount of Loan | Approximate Current Balance |
|---|---|---|---|
| DARTMOUTH/DELC | DARTMOUTH/DELC | $4,625.00 | $6,520.84 |
| DARTMOUTH/DELC | DARTMOUTH/DELC | $5,000.00 | $7,049.55 |
| DARTMOUTH/DELC | DARTMOUTH/DELC | $9,000.00 | $12,689.19 |
| GRAND TOTAL (including any loans listed on Addendum Sheet)............... | | $18,625.00 | $26,259.58 |

**NOTE:** If additional lines are needed use addendum and attach to this promissory note.

**The Lender and I further understand and agree that:**

**NOTIFICATION**

I must immediately notify the lender (in this Note, the term "lender" includes a subsequent holder of the Note) in writing if any of the following occurs to me before the loan is repaid in full: 1) change of address, 2) name change (e.g., maiden name to married name), 3) failure to begin any activity eligible for deferment status, or 4) cessation of participation in an activity eligible for deferment status.

**INTEREST**

1. Beginning on the day the loan is disbursed, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every 12 months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me. **The frequency with which interest that is not paid shall be added to the principal sum of this Note shall be as follows:**

| | |
|---|---|
| (a) Deferment periods: | NONE |
| (b) Grace periods: | AT END OF GRACE |
| (c) Repayment periods: | ANNUALLY |

2. Interest shall accrue and be payable at a yearly rate of interest which may not exceed a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent. **The rate of interest applied to this Note shall be as follows:**

| | |
|---|---|
| (a) Deferment periods: | 91 DAY T-BILL PLUS 2% |
| (b) Grace periods: | 91 DAY T-BILL PLUS 2% |
| (c) Repayment periods: | 91 DAY T-BILL PLUS 2% |

3. Any change in the yearly rate of interest will affect the payment amounts, the number of payments, or the amount due at maturity.

**PREPAYMENT**

I may, at my option and without penalty, prepay all or any part of the principal and accrued interest at any time.

**THE TERMS OF THIS NOTE ARE CONTAINED ON ALL THREE PAGES (INCLUDING AN ADDENDUM, IF APPLICABLE) OF THIS DOCUMENT.**

**ACKNOWLEDGMENT**

I acknowledge that I have received, read and understand the provisions of this Note, as set forth on all the pages of this document.

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 292-292o) and the Federal regulation (42 CFR Part 60) governing the administration of the Federal Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I agree that all proceeds from this loan will be used solely to repay existing HEAL loans.

I CERTIFY that the above information is true and correct and I have read and understand my rights and responsibilities regarding the HEAL Loan under this Promissory Note.

| PRINT NAME | SOCIAL SECURITY NUMBER |
|---|---|
| TERRENCE JOYCE | 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 |
| SIGNATURE OF BORROWER | DATE |
| [signature] | 12-15-01 |

PHEAA ALTERNATIVE LOANS 2001 DEC 26 AM 10:

LENDER COPY

**REPAYMENT**

1. Repayment shall be made in monthly installments over a repayment period which starts the first day of the tenth month after the month in which

(A) I cease to be a full-time student at a HEAL school;

(B) (1) I cease to be a participant in an accredited internship or residency program of not more than four years in duration, or

(2) I complete the fourth year of an accredited internship or residency program of more than four years in duration; or

(C) I cease to be a participant in a fellowship training program not in excess of two years or a participant in a full-time educational activity not in excess of two years which: (1) is directly related, as defined in program regulations, to the health profession for which I prepared at a HEAL school, and (2) in which I may engage during a two-year period which begins within twelve months after I complete my participation in an internship or residency program described in clause (B)(1) or clause (B)(2) of this paragraph or before I complete my participation in such an internship or residency program.

2. The repayment period shall not be less than ten years nor more than twenty-five years. Any period described under DEFERMENT and any period of FORBEARANCE shall not be included in determining the ten or twenty-five year periods. The repayment period shall not extend to a date that is more than thirty-three years from the date on which I signed this Promissory Note.

3. At least thirty but not more than sixty days before the commencement of my repayment period, I must contact the holder of my loan to establish the precise terms of repayment. My repayment schedule will require monthly payments. However, I may select a monthly repayment schedule with substantially equal installments, a monthly repayment schedule with graduated installments that increase in amount over the repayment period, or a monthly repayment schedule with payments that are based on my debt-to-income ratio during the first 5 years of repayment. If I contact the holder of my loan within the period described above [obscured] to contacts from the holder, the holder may establish a monthly repayment schedule with substantially equal installment payments, subject to the terms of this Note.

4. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

5. I understand that this loan must be repaid in accordance with my Repayment Schedule. If my account becomes overdue by more than sixty days, the lender must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue.

**CREDIT REPORTING AGENCY**

The lender must disclose my Loan, and any other relevant information, to one or more national consumer credit reporting agencies. If I am more than sixty days past due in making a scheduled payment, the Lender will notify an appropriate consumer credit reporting agency of my past due status, which will adversely affect my credit rating, and provide the credit reporting agency any other relevant information.

**LATE CHARGES**

If a scheduled payment is after 30 days past the payment due date, I will be charged five cents for each dollar of the installment payment due, plus all reasonable attorney fees, and other costs and charges permitted by Federal regulations and this Note necessary for the collection of any amount not paid when due.

**DEFERMENT**

1. Monthly installments of principal and interest need not be paid, but interest shall accrue:

(A) When I am carrying a full-time course of study at a HEAL school or at an institution of higher education eligible to participate in the Federal Stafford Loan Program.

(B) When I am participating in a fellowship training program or full-time educational activity for not in excess of two years as described [obscured] REPAYMENT above.

(C) Not in excess of three years for each of the following when I am:

(1) a member of the Armed Forces of the United States;

(2) in service as a volunteer under the Peace Corps Act;

(3) in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and

(4) a member of the National Health Service Corps.

(D) Not in excess of four years when I am a participant in an accredited internship or residency program. Except that this limitation of four years also includes any period of deferral of the onset of the repayment period for participation in an internship or residency program.

(E) Not in excess of one year, if I graduated from a school of chiropractic; and

(F) Not in excess of three years, when I have completed an accredited internship or residency training program in osteopathic general practice, family medicine, general internal medicine, preventive medicine, or general pediatrics, and am practicing primary care.

(G) Not in excess of three years, when I am providing health care services (starting 2/1/1999 or later) to Indians through any health program or facility funded in whole or part by the Indian Health Service for the benefit of Indians (Section 705(a)(2)(C) of the PHS Act).

2. To receive a deferment, including a deferral of the onset of the repayment period (see REPAYMENT), I must, prior to the onset of the activity and annually thereafter, submit to the lender evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the lender with all required information or other information regarding the requested deferment.

**DEATH/DISABILITY**

If I die or am deemed totally and permanently disabled by the Secretary, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal statute and regulations.

**FORBEARANCE**

I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my HEAL loan and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender must exercise forbearance in accordance with terms that are consistent with the thirty-three year limitation on the length of repayment if the lender and the borrower agree in writing to the new terms. Each forbearance period may not exceed six months and the total period of forbearance (with or without interruption) granted to me must not exceed two years unless an extension is granted by the Secretary. Interest will be added to the principal at the end of each 12 months of continuous forbearance or at the end of 6 months, but not sooner than 12 months from the prior capitalization.

**DEFAULT**

If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments of health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).

1. In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

2. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, the lender may: (a) refer my loan to a collection agent for further collection efforts; (b) initiate legal proceedings against me; (c) refer my loan to the Secretary for collection assistance; and (d) obtain my address from the Internal Revenue Service, through the Secretary, if the lender has no current address for me.

3. If I fail to make a scheduled payment, or fail to comply with any other term of this Note, any HEAL [obscured] program I have [obscured] tion of my loan, including providing information concerning me to the Secretary [obscured] past and present lenders and holders of my HEAL loans.

4. No Federal or State statute, regulation, or administrative limitation sha[obscured] the period within which suit may be filed, a judgment may be enforced, or an offset, g[obscured]nent or other action may be initiated or taken by the Secretary, the Attorney General, or other administrative head of another Federal agency, for the repayment of the amount due on this Note.

**BANKRUPTCY**

Under current law, I may not have my loan discharged in bankruptcy during the first seven years of the repayment period, under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL loan discharged in bankruptcy after the first seven years of the repayment period, excluding any periods of forbearance and deferment, only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursements or Federal payments for health services under any Federal law in amounts up to the balance of the loan. Any changes in the HEAL statute regarding the discharge of a HEAL loan in bankruptcy will apply to this loan.

**BORROWER'S RIGHTS**

1. The lender (holder) cannot change the terms of my HEAL loan without my consent.

2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender (holder) must return the note to me when the loan is paid in full.

3. The holder will advance funds on my behalf to all creditors who currently hold HEAL loans named on this Note. The funds so advanced will be disbursed to the holder of the loans designated in the promissory note to pay off these loans on my behalf. I further understand that the amount of this REFINANCED LOAN will equal the sum of the amounts which my creditors verify are the pay-off amounts [obscured]. This amount may be more or less than the estimated total balance indicated above. If verified total balance on loans to be refinanced exceeds the estimate by [obscured] percent, whichever is lower, the [obscured] note. If the amount the Refinancing lender advances to my holder(s) exceeds the amount needed to pay off my balance(s), I understand that the holder will refund the excess to the consolidating lender [obscured] against the outstanding principal balance of my refinancing loan. If the amount the refinancing lender advances to my holder(s) is less than the amount needed to pay off my balance(s), I agree to either pay off the remaining balance [obscured] the refinancing lender deems appropriate to authorize the refinancing lender to include the remaining amount in an addendum to this Note.

4. The lender (holder) will provide me with a repayment schedule before the repayment period [obscured].

5. If the loan is sold from one lender to another lender, or if the loan is serviced by a party other than the lender, the holder must notify me within 30 days of the transaction and I must be sent a notification which spells out my obligations to the new holder.

6. In accordance with the repayment section of this promissory note, I have a right to a 9-month "grace period" before repayment, which begins after I have completed school attendance, up to 4 years of internship and residency in an accredited program, or up to 2 years of a fellowship training program or full-time educational activity approved by the Secretary for this purpose, [obscured] the date this loan is made.

7. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment [obscured] the loan principal or interest for a period of time. However, interest continues to accrue during any deferment period. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations), I must prior to the onset of the activity and annually thereafter, submit to the holder of the note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information regarding the requested deferment.

8. I have a right to prepay the whole or any portion of the loan at any time without a penalty.

9. If I contact the holder of my loan at least 30 but not more than 60 days before the commencement of my repayment period to establish the precise terms of repayment, I may select a monthly repayment schedule with substantially equal installments, a monthly repayment schedule with graduated installments that increase in amount over the repayment period, or a monthly repayment schedule with payments that are based on my debt-to-income ratio during the first 5 years of repayment.

10. My loan [obscured] will be cancelled in the event of my death or permanent and total disability, as deemed by the Secretary, in accordance with applicable Federal statutes and regulations.

11. "Forbearance" means an extension of time for making loan payments or the acceptance of smaller payments than were previously scheduled to prevent me from defaulting on my payment obligations. I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments of my HEAL loan and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender (holder) must exercise forbearance with terms that are consistent with the 33-year limitation on the length of repayment if the lender (holder) and the borrower agree in writing to the new terms. Each forbearance period may not exceed 6 months and the total period of forbearance (with or without interruption) granted to me must not exceed 2 years unless an extension is granted by the Secretary.

12. The lender (holder) must notify me in writing of the balance owed for principal, interest, and other charges or fees owed to the lender (holder), at least every 6 months from the time my loan was disbursed to me.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid will be increased by late charges and may be increased by additional interest costs, attorney's fees, court costs and other collection costs.

2. I must immediately notify the lender (holder) in writing if any of the following occurs to me before the loan is repaid in full: a. change of address b. name change (e.g., maiden name to married name), c. failure to begin any activity eligible for deferment status, or d. cessation of participation in an activity eligible for deferment status.

3. I must notify the lender (holder) of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.

4. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations.), I must, prior to the onset of the activity and annually thereafter, submit to the holder of the note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information or other information regarding the requested deferment.

5. I understand that this loan must be repaid in accordance with my repayment schedule. If my account becomes overdue by more than 60 days, the lender (holder) must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender (holder) must also use collection agents and utilize other collection activities (including litigation) if my account becomes overdue.

6. If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary shall also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).

7. Under current law, I do not have the right to have my loan discharged in bankruptcy during the first 7 years of the repayment period. This prohibition against the discharge of a HEAL loan applies to bankruptcy under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL loan discharged in bankruptcy after the first 7 years of the repayment period only, excluding any periods of forbearance and deferment, upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursements of Federal payments for health services under any Federal law in amounts up to the balance of the loan. Any changes in the HEAL statute regarding the discharge of a HEAL loan in bankruptcy will apply to this loan.

For valuable consideration, the receipt of which is hereby acknowledged, the undersigned does hereby assign, transfer and set over to the United States of America its claim of $28,140.00 as filed herein against the debtor listed below. The undersigned specifically waives further notice of any matters in connection with the above and requests the court to make an order subrogating the above assignee to the rights of the undersigned herein.

Name of Borrower: Terrence Joyce

It is further requested that any check representing this claim be made payable to the United States of America and mailed or delivered to the HEAL Branch, Public Health Service, DHHS, Room 9A-16, 5600 Fishers Lane, Rockville, Maryland 20857.

PHEAA/Dauphin Deposit Bank and Trust Co. (As Trustee)

By: [signature]

Date: 11-6-03



US Ba... \. FEDERAL HEAL LOAN CONSOLIDATI... 'ROGRAM
INTERIM DISCLOSURE STATEMENT

January 3, 2002

WARNING: Any person who knowingly makes a false statement or misrepresentation in a HEAL transaction, bribes or attempts to bribe a Federal official, fraudulently obtains a HEAL loan or commits any other illegal action in connection with a HEAL loan is subject to a fine or imprisonment under Federal statute.

**Borrower Information:**

TERRENCE J. JOYCE

HUDSON, MA 01749

**Lender Information:**

**Creditor:** US Bank, N.A.
P.O. Box 8176
Harrisburg, PA 17105-8176

**Telephone:** 800-722-8189
**File#:** 200205230275
**SS#:**
**Consolidation Date:** 1/9/02
**Current Status:** REPAYMENT

IMPORTANT: READ THIS INFORMATION: Please review this Disclosure Statement and the Promissory Note you previously received and signed. Your US Bank, N.A. Federal HEAL Loan Consolidation is scheduled to begin on the Disbursement Date shown above. Contact the Creditor at the address or phone number shown above with any questions. The Final Repayment Schedule and Disclosure Statement will disclose the finance charge, payment schedule and total of payments for your loan, as well as any revisions to this Disclosure Statement.

**Federal Truth in Lending Disclosures**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. |
|---|---|---|
| N A | 4.002% | $26,259.58 |
| Before Repayment Begins | After Repayment Begins | estimate |

Variable Rate: The Annual Percentage Rate is determined based on the average of the bond equivalent rates reported for ninety-one day U.S. Treasury Bills auctioned during the preceding calendar quarter ("T-Bill Index"). The Annual Percentage Rate may increase if the T-Bill Index increases. Any increase will take the form of higher payment amounts. You payment is recalculated at the end of each quarter for the next quarter. Example: If you borrow $50,000 for 25 years at 6% interest on January 1, and the interest rate increases to 7% on April 1 and remained the same through the end of the quarter, your payment for the next quarter would increase by $32.14.

Prepayment: If you pay off early, you will not have to pay a penalty.

Late Payment: If a payment is more than 30 days late, you will be charged 5% of the payment.

Security interest: The Creditor will have a security interest in any deposits which you have with the Creditor, and any property belonging to you which is in the Creditor's possession.

See your contract documents for any additional information about nonpayment, default, calculation of the interest rate and calculation of payments.

Itemization of Amount Financed

Amount paid to others on your behalf

| | |
|---|---|
| Payoff of previous HEAL Loans: | $26,259.58 |
| Equals Amount Financed: | $26,259.58 |

60 602 00108

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
FEDERAL HEALTH EDUCATION ASSISTANCE LOAN PROGRAM

## Repayment Schedule (Variable Rate)

DATE: 01/18/2002

SS#: 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

LENDER INFORMATION
CREDITOR: USBNA
ADDRESS: HARRISBURG, PA 17130-0001

#8WNDHKB
#B901 8497 0201 18L9#
TERRENCE J JOYCE
HUDSON, MA 01749

FILE#: 200205230275

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 4.00% e | $ 15,364.21 e | $ 26,259.58 e | $ 41,623.79 e |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due (See Instructions) |
|---|---|---|
| 299 | 139.21 | MARCH 03, 2002 |

Variable rate: The Annual Percentage Rate is determined based on the average of the bond equivalent rates reported for ninety-one day U.S. Treasury Bills auctioned during the preceding calendar quarter ("T-Bill Index"). The Annual Percentage Rate may increase if the T-Bill Index increases. Any increase will take the form of higher payment amounts. Your payment is recalculated at the end of each calendar year for the next year. Example: If you borrowed $50,000 for 25 years, at 6% interest on January 1, and the interest rate increased to 7% on July 1 and remained the same through the end of the year, your payment for the next year would increase by $32.14. This example assumes you have chosen the equal installment method of payment.

Late Charge: If a payment is late, you will be charged 6 cents for each dollar of the installment payment due.

See your Promissory Note for any additional information about nonpayment, default, and any required payment in full before the scheduled date.

Prepayment: If you pay off early, you will not have to pay a penalty.

Security Interest: The Creditor will have a security interest in any deposits which you have with the Creditor, and any property belonging to you which is in the Creditor's possession.

e means estimate

WARNING: Any person who knowingly makes a false statement or misrepresentation in a HEAL transaction, bribes, or attempts to bribe a Federal official, fraudulently obtains a HEAL loan or commits any other illegal action in connection with a HEAL loan is subject to a fine or imprisonment under Federal statute.

**Itemization of Amount Financed**

Amount paid to others on your behalf

Payoff of previous HEAL loans $ 26,259.58

Equals Amount Financed $ 26,259.58

The Annual Percentage Rate is a variable rate, subject to increase or decrease. The rate will increase if the average of the bond equivalent rate increases. The amount disclosed in the above schedule is the APR in effect at the time this repayment schedule was prepared. If the rate increases, your regular payments would increase, you would have to make more payments of the same amount, or owe a larger amount at maturity. If the rate decreases, the principal balance of the loan will be reduced more quickly, and the final payment(s) may be reduced or eliminated.

00047020180000001

FOLDER NAME: AA328673 OP: 1LE
USERID AND SSN: PH10789
REQUESTED: 20040114 PRINTED: 01/14/04
20206602 - 0000000000108.0 - LS007
RM REF: 03476 IDW20 RM5D1