UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | Case No. 05-CV-11818-RWZ |
| ) | |
| TERRENCE J. JOYCE, ) | |
| ) | |
| ) | |
| DEFENDANT, ) | |

DEFENDANT'S MEMORANDUM TO DENY PLAINTFF'S MOTION FOR SUMMARY JUDGMENT

For the reasons set forth below, the defendant, Terrence J. Joyce, respectfully requests that this court deny the plaintiff's Memorandum in Support of Motion for Summary Judgment.

STATEMENT OF MATERIAL FACTS OF RECORD

As a student at Dartmouth Medical School, the defendant applied for several student loans while he was a medical student and graduate student from 1989-1998. The defendant obtained these loans with the intent that he would finance his education to eventually practice as a medical doctor.

On November 6, 2003, the debtor filed a petition for bankruptcy in the United States Bankruptcy Court. On December 16,

2003, the debtor filed an adversary proceeding seeking a discharge of his student loans. The Bankruptcy Court found that the defendant suffered an undue hardship in his past and present circumstances, but could not conclude that the defendant would also suffer undue hardship in the future.

The Bankruptcy Court allowed the United States, motion to dismiss since the court could not ascertain with certainty whether the seven year waiting period had elapsed. At no time in these proceedings did the defendant admit that he had signed a promissory note for a HEAL loan with the United States or Dartmouth college.

On August 18, 2005, the United States filed this action for money judgment against the defendant for an alleged HEAL Loan debt. The plaintiff alleges that the defendant signed a promissory note consolidating a HEAL Loan in the amount of $26,259.58.

## ARGUMENT

As stated above, the Court should not allow the plaintiff's motion for Summary Judgment because there are several issues of material fact that remain in dispute. There is no evidence in the record or material fact to support the plaintiff's allegations that the defendant entered into an enforceable contract with Dartmouth College or the United States for a HEAL loan.

To date, despite demand, the plaintiff has refused to provide the defendant with a copy of the original promissory note

that the plaintiff alleges that defendant signed. Federal law requires that the plaintiff maintain the original promissory document in it files and produce such a contract upon request by the defendant. The defendant should be allowed an adequate amount of time to conduct discovery to obtain this information and to ascertain whether a binding authentic contract was established between the defendant and the plaintiff for a student loan. The plaintiff has not proven that an enforceable contract exists between the defendant and the United States.

    Here on summary judgment, the plaintiff now produces for the first time, several student loan documents which have not previously been entered on record by motion or provided to the defendant for examination. The documents provided by the plaintiff in exhibit 1 and 2 should not be allowed as material fact in support of the plaintiff's motion for summary judgment because the defendant disputes their authenticity as binding legal documents and has not had the opportunity to examine their content or conduct discovery regarding these documents. There is a material dispute whether the defendant ever signed any of these documents submitted by the plaintiff freely or without duress and whether in fact the defendant ever entered into an enforceable contract for a student loan with Dartmouth College or the United States.

    For all of the reasons stated above, and because the United States violated Local Rule 7.1(2) by not conferring with the defendant prior to filing its motion for summary judgment, the