FILED
CLERKS OFFICE

2007 MAR -2 P 12: 13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| PLAINTIFF, | ) | |
| v. | ) | Case No. 05-CV-11818-RWZ |
| TERRENCE J. JOYCE, | ) | |
| DEFENDANT, | ) | |

## MOTION FOR RECONSIDERATION

The defendant, Terrence J. Joyce, hereby requests that the Federal District Court for the State of Massachusetts reconsider its judgment entered against the defendant on February 16, 2007, for $26,259.58 plus interest due to mitigating circumstances, and because the United States has not proven that an enforceable contract exists between the United States and the defendant regarding an alleged HEAL loan debt. As a matter of law, the court should not have found for Summary Judgment for the plaintiff because these issues of material fact remain in dispute.

## STATEMENT OF MATERIAL FACTS

As a student at Dartmouth Medical School, the defendant applied for several student loans while he was a medical student and graduate student from 1989-1998. The defendant obtained these

1

loans with the intent that he would finance his education to eventually practice as a medical doctor. The debtor spent a significant amount of time (11-12 years) focused towards a medical education.

On December 15, 2001, the United States alleges that the defendant signed a consolidated promissory note agreeing to pay the note at a variable rate of interest.

On November 6, 2003, the debtor filed a petition for bankruptcy in the United States Bankruptcy Court. On December 16, 2003, the debtor filed an adversary proceeding seeking a discharge of his student loans. At trial, the debtor testified that Darmouth Medical School, the assignor of the consolidated note now held by the United States, interfered with the debtor's ability to obtain medical employment and continue his medical education. Darmouth did not contest this material issue of fact.

At the conclusion of the trial, the Bankruptcy Court found that the defendant suffered an undue hardship in his past and present circumstances, but could not conclude that the defendant would also suffer undue hardship in the future. As such, the Bankruptcy Court held the debtor's student loans non-dischargeable pursuant to 11 U.S.C. 523(a)(8).

On June 21, 2004, the Bankruptcy Court allowed the United States motion to dismiss since the court could not ascertain with certainty whether the seven year waiting period had elapsed. At no time in these proceedings did the defendant admit that he had signed a promissory note for a HEAL loan with the United States

or Dartmouth college. The bankruptcy court had difficulty determining when the 7 year waiting period began because the original promissory note was never entered as evidence by the plaintiff or the United States. Because this evidence was not available, the court chose the defendant's separation date from medical school as the beginning of the seven year waiting period.

By letter dated January 29, 2004, the United States alleges that that United States Department of Health an Human Services (HHS) notified the debtor that the promissory note for his HEAL loan was assigned to the United States Government. According to the Consolidation loan application dated December 15, 2001, these loans were transferred from Dartmouth Educational Loan Corporation to the United States.

On August 18, 2005, the United States filed this action for monetary judgment against the defendant for an alleged HEAL Loan debt. The plaintiff alleges that the defendant signed a promissory note consolidating a HEAL Loan in the amount of $26,259.58 plus interest.

The court found on February 16, 2007 in favor of the plaintiff's motion for summary judgment and based its findings on the fact that "the documents defendant filed in support of his case in the Bankruptcy Court are represented to be the same documents filed in the defendant's case in the Bankruptcy Court." As a matter of law, the court concluded that the plaintiff is entitled to Summary judgment because no material facts remain in

3

dispute regarding the HEAL loan contract and the defendant's liability there of.

### ARGUMENT

The United States produced several student loan documents in support of its Motion for Summary Judgment including a consolidated promissory note. They did not, however, despite demand, produce an original promissory note that was executed and signed by the defendant.

Consolidation of federally insured or guaranteed student loans is permitted, if certain conditions are met, pursuant to 20 U.S.C. § 1078-3(c) and the regulations promulgated by the Department of Education at 34 C.F.R. § 685.220. Although loans may be consolidated into a single loan under this statute, reorganization of loans still requires bargain and consideration in order to establish an enforceable contract between engaging parties.

A consolidated promissory note is usually an agreement that modifies or restructures an existing loan in order to simplify the monthly payments of the debtor. Such agreements are often signed at the detriment of the borrower, so it is imperative that courts view and enforce these agreements with caution in order to ensure that such agreements are fair and equitable for both enjoining parties and abuse does not occur.

A contract established subsequent to a prior agreement must impose a detriment on both parties entering into such an agreement otherwise such an agreement is essentially based on

illusory consideration and unenforceable. Levine v. Blumenthal 117 N.J.L. 23, 186 A. 457 (1936). In order to make a modification of an existing contract enforceable, the modification must be based on separate consideration. *Id.* Here the consolidated HEAL note is an agreement subsequent to the initial promissory agreement, so additional consideration must be exchanged in order for such an agreement to be consummated. However, since the signing of the student loan consolidation agreement on December 15, 2001, the defendant has not made payment on this loan or exchanged consideration of any type in the execution of this agreement with the student loan lender or the United States. Consequently, the consolidated loan agreement is an unenforceable agreement because the accord was never satisfied with additional adequate consideration.[1]

Even if the United States could prove that an enforceable contract exists between the United States and the defendant, the defendant should not be held responsible for the sum of the entire promissory note because several mitigating circumstances exist which were inherited by the United States from the assignee, Dartmouth Educational Loan Foundation. These mitigating factors include: 1) the defendant spent a considerable amount of time (10+ years) at Dartmouth expending various resources towards obtaining a medical education. As such, he had a significant

---

[1] In its Memorandum of Law and Motion for Summary Judgment the United States admits that the defendant never made payment or exchanged consideration of any type in relation to his alleged HEAL loan.

5

reliance interest in obtaining a medical degree and finishing a medical residency so that he could eventually practice as a physician. It would be inequitable for the court to find the contract enforceable for the entire sum of the promissory note because this would unjustly enrich the United States 2) Dartmouth Medical School interfered with the defendant's ability to obtain a medical residency, obtain a medical license, and practice as a medical doctor. This is an uncontroverted material fact established at the debtor's adversary proceedings.[2] As such, the defendant should not be held entirely responsible for something that he could not control.

In summary, for the reasons outlined above, and as a matter of law, the court should not have found for summary judgment on behalf of the United States because there is at least one issue of material fact in dispute regarding whether or not an enforceable contract exists between the plaintiff and defendant. Since the plaintiff has not produced an original promissory note to date, a reasonable person would conclude that such an agreement or contract does not exist.

---

[2] See debtor's adversary proceedings (No. 03-04560).

Even if a contract were found to exist between the United States and the defendant, there are several mitigating circumstances that should persuade the court that the defendant should not be responsible for the entire amount of the alleged consolidated student loan note. It would be inequitable and against public policy for the court to punish the defendant for a breach of contract which he is not entirely responsible for and for circumstances that were not entirely under his control. As a matter of law, therefore, the defendant, respectfully requests that the court vacate its judgment on be half of the United States, and reconsider it judgment against the defendant for the entire sum of $26,259.58 plus interest.

Respectfully Submitted,

Terrence J. Joyce

Terrence J. Joyce

Dated:   March 1, 2007

CERTIFICATE OF SERVICE

I, Terrence J. Joyce, hereby certify that a copy of the foregoing document has been served, pro se, via certified United States mail, postage prepaid on the 1 day of March, 2007 upon the following parties:

United States of America
1 Courthouse Way, Suite 9200
Boston, Mass. 02210